U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

SEP 3 0 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **LOLA J. CROWDER** | **CIVIL ACTION NO. 08-0947** |
| **VERSUS** | **JUDGE DONALD E. WALTER** |
| **CADDO PARISH SCHOOL BOARD** | **MAGISTRATE MARK HORNSBY** |

## JUDGMENT

Before this Court is a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) filed on behalf of defendant, Caddo Parish School Board.

For the following reasons, **IT IS HEREBY ORDERED** that the foregoing motion be **GRANTED** and that Plaintiff's claims be **DISMISSED WITH PREJUDICE..**

### I. FACTUAL BACKGROUND

Plaintiff Lola J. Crowder filed an employment discrimination suit against her former employer, Caddo Parish School Board. As required by statute, Plaintiff first filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("the EEOC"). The EEOC issued a right to sue letter, which Plaintiff received on April 2, 2008. The letter informed Plaintiff that she had a right to file suit and that a "lawsuit must be filed within 90 days" of her receipt of the letter. Plaintiff then filed suit in this court on July 2, 2008, ninety-one days after she received the right to sue letter. Defendant's have filed a Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).

### II. LAW AND ANALYSIS

1

A Title VII employment discrimination suit must be filed within ninety days of receipt from the EEOC's right to sue letter. *King v. Miss. Employment Sec. Comm'n*, 37 F.3d 633, 635 (5th Cir. 2004). A person who fails to file a complaint within the ninety-day period forfeits the right to pursue the claim.

In exceptional circumstances, federal courts have applied the equitable tolling doctrine. However, this relief has been extended "only sparingly." *Irwin v. Dept. of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 457-58 (1990). The Supreme Court has discussed the circumstances in which the equitable tolling doctrine may be applied.

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a complaint that has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Id.*

In *Butler v. Orleans Parish School Bd.*, 2001 WL 1135616, *2 (E.D.La. 2001), the court dismissed a claim that had been filed by a pro se plaintiff ninety-one days after she received her right to sue letter. The plaintiff argued that the doctrine of equitable tolling should be applied because (1) she entrusted the complaint to her husband, but that he was unable to file suit because of his rheumatoid arthritis, (2) she was unable to file suit because she had to travel to Atlanta to assist her ailing mother, and (3) she was unsophisticated claimant. The court found that these reasons did not justify equitable tolling and dismissed the case.

In the present case, Plaintiff filed a response to the Motion to Dismiss but she has offered no justification for failure to timely file her complaint. "This is not a case in which a claimant has received inadequate notice, or where a motion for appointment of counsel is pending and equity

2

would justify tolling the statutory period until the motion is acted upon, or where the court has led the plaintiff to believe that she had done everything required of her. Nor is this a case where affirmative misconduct on the part of a defendant lulled the plaintiff into inaction." *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 1725-26 (1984) (internal citations omitted). Plaintiff contends that the doctrine of equitable tolling should apply because she consulted two attorneys prior to filing the claim but she was forced to proceed *in forma pauperis*. Yet, she admits that she only spoke to one of the attorney's via telephone. He never reviewed her file and it was her own decision not to retain him. *See* Plaintiff's Response, p.3. The right to sue letter clearly informed Plaintiff that she had only ninety days to act. Her failure to act diligently to preserve her claim does not justify application of the equitable tolling doctrine.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) be and is hereby **GRANTED.** Plaintiff's claim against Defendant, Caddo Parish School Board, is **DISMISSED WITH PREJUDICE.**

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 30th day of September, 2008.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE